IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NEW YORK SMSA LIMITED PARTNERSHIP d/b/a VERIZON WIRELESS, NEW CINGULAR WIRELESS PCS, LLC, SPRINT SPECTRUM L.P., and OMNIPOINT COMMUNICATIONS, INC. a wholly owned subsidiary of T-MOBILE USA, INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**TOWN OF CLARKSTOWN, and THE TOWN BOARD OF THE TOWN OF CLARKSTOWN,**<br><br>**Defendants.** | Case No. 07-cv-7637 (CLB) (GAY) |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIV. R. 56.1

Michael A. Rowe, Esq. (MR 8643)
Karl J. Nelson, Esq. (Pro Hac Vice)
SAUL EWING, LLP
750 College Road East, Suite 100
Princeton, New Jersey 08540-6617
Tel.: 609.452.3123
Fax: 609.452.3125

*Attorney for Plaintiff*
*Omnipoint Communications, Inc.*

Andrew G. McBride, Esq. (AM1966)
John E. Barry, Esq. (JB 1776)
Joshua S. Turner, Esq. (Pro Hac Vice)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel.: 202.719.7000
Fax: 202.719.7049

*Attorneys for Plaintiff*
*New York SMSA L. P. d/b/a Verizon Wireless*

Gregory D. Meese, Esq. (GDM 8738)
PRICE, MEESE, SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Tel: 201.391.3737

*Attorney for Plaintiff*
*Sprint Spectrum L.P.*

Christopher B. Fisher, Esq. (CF 9494)
CUDDY & FEDER LLP
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
Tel.: 914.761.1300
Fax: 914.761.5372

*Attorney for Plaintiff*
*New Cingular Wireless PCS, LLC*

Pursuant to Fed. R. Civ. P. 56 and Local Civ. R. 56.1 Plaintiffs hereby respond to the statement of material facts filed by the Town of Clarkstown and the Town Board of Clarkstown ("Town") or ("Clarkstown") as follows:

At the outset, Plaintiffs note, as they did in their Opposition to the Town's motion, that both parties apparently agree that the issues before the Court on these cross-motions for summary judgment are pure issues of law and thus no facts extrinsic to Chapter 251 and the relevant federal law are necessary to decide the federal preemption issues. Plaintiffs' Memorandum of Law in Support of Their Motion for Summary Judgment at 9-11 (filed Jan. 11, 2008); Defendants' Memorandum of Law in Support of Cross-Motion for Summary Judgment at 5 n.4 (filed Mar. 14, 2008).

Federal preemption is an issue of law, requiring only evaluation of the text and operation of the state or local enactment against the purpose and operation of the relevant federal law. *See, e.g. NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 344 (3d Cir. 2001) ("a determination of whether there is preemption primarily raises a legal issue, a circumstance which facilitates entry of a declaratory judgment"); *N.Y. State Rest. Ass'n v. New York City Bd. of Health*, 509 F. Supp. 2d 351, 354-55 (S.D.N.Y. 2007) (preemption challenge to New York City Ordinance was "ripe for summary judgment" because "preemption is a legal question for the Court to decide." (citing *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983) ("The question of pre-emption is predominantly legal."))). Thus, as stated in their accompanying memorandum of law, Plaintiffs' Reply Memorandum of Law in Support of Their Motion for Summary Judgment and in Opposition to Defendants' Cross Motion for Summary Judgment at 5 n.1, Plaintiffs do not believe that any of the statements

contained in Defendants Statement of Material Facts are relevant to the legal questions before the Court.  As to each specific statement, Plaintiffs respond as follows:

1. Plaintiffs do not dispute these facts.  They are alleged in the Complaint itself, Complaint for Declaratory and Injunctive Relief at 1-2, ¶ 1 (filed Aug. 27, 2007) ("Compl."), and are likely subject to judicial notice.  *See* Fed. R. Evid. 201(b).

2. Plaintiffs submit that the facts alleged in this paragraph are not material to any issue in dispute within the meaning of Fed. R. Civ. P. 56(e).  *See, e.g., Kendall v. Keith Furnace Co.*, 162 F.2d 1002, 1005 (8th Cir. 1947) (whether state statute was preempted by federal law "is not a question of the mental frame of the legislators in enacting a statute but a matter of what the statute itself provides or does").  Plaintiffs cannot further respond to the allegations of fact contained in Paragraph 2 without discovery of the Town and of the engineering firm and individual referenced in this paragraph.  *See* Fed. R. Civ. P. 56(f).  Plaintiffs do note that if the study is considered by the Court, it only bolsters Plaintiffs' preemption argument.  On its face, the table of contents of the study demonstrates the City's reliance on matters reserved to federal law, such as wireless technologies and "health and safety" issues.

3. Plaintiffs submit that the facts alleged in this paragraph are not material to any issue in dispute within the meaning of Fed. R. Civ. P. 56(e).  *See, e.g., Kendall v. Keith Furnace Co.*, 162 F.2d 1002, 1005 (8th Cir. 1947) (whether state statute was preempted by federal law "is not a question of the mental frame of the legislators in enacting a statute but a matter of what the statute itself provides or does").  Plaintiffs do not deny that public hearings and work sessions occurred before the passage of Chapter 251, although they have insufficient information to accept as true or false every fact or

characterization contained in this paragraph or paragraphs 29-30 of the Mele Declaration to which it refers.  *See* Fed. R. Civ. P. 56(f).

4. Plaintiffs submit that the facts alleged in this paragraph are not material to any issue in dispute within the meaning of Fed. R. Civ. P. 56(e).  *See, e.g., Kendall v. Keith Furnace Co.*, 162 F.2d 1002, 1005 (8th Cir. 1947) (whether state statute was preempted by federal law "is not a question of the mental frame of the legislators in enacting a statute but a matter of what the statute itself provides or does").  Plaintiffs do not deny that some "changes and clarifications" were made before the enactment of Chapter 251, but cannot admit or deny every specific fact alleged in Paragraph 4.

5. Plaintiffs submit that the facts alleged in this paragraph are not material to any issue in dispute within the meaning of Fed. R. Civ. P. 56(e).  *See, e.g., Kendall v. Keith Furnace Co.*, 162 F.2d 1002, 1005 (8th Cir. 1947) (whether state statute was preempted by federal law "is not a question of the mental frame of the legislators in enacting a statute but a matter of what the statute itself provides or does").  Plaintiffs do not dispute that the Clarkstown Planning Board recommended enactment of Chapter 251 with certain revisions.  Plaintiffs do not dispute the authenticity of Exhibit C to the Mele Declaration.

6. Plaintiffs submit that the facts alleged in this paragraph are not material to any issue in dispute within the meaning of Fed. R. Civ. P. 56(e).  Plaintiffs further submit that neither the Mele Declaration ¶ 38 nor the Simones Declaration ¶ 25 meets the standard for a certification of the absence of a pubic record set out in Fed. R. Evid. 803(10) and thus, even if relevant, should not be considered as competent evidence by the Court.  Plaintiffs further state that none of the Plaintiffs have filed any applications under Chapter 251 because, as alleged in the Complaint, the process itself acts as a barrier to

3

any rational commercial enterprise attempting to expand a wireless network in the Town of Clarkstown. *See, e.g.*, Compl. ¶¶ 4-11.

Case 7:07-cv-07637-CS    Document 33-3    Filed 04/18/2008    Page 5 of 6

Respectfully submitted,

By:    /s/ Andrew G. McBride
Andrew G. McBride, Esq. (AM1966)
John E. Barry, Esq. (JB 1776)
Joshua S. Turner, Esq. (Pro Hac Vice)
**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
Tel.: 202.719.7000
Fax: 202.719.7049
**Attorneys for Plaintiff**
**New York SMSA Limited Partnership d/b/a**
**Verizon Wireless**

Christopher B. Fisher, Esq. (CF 9494)
**CUDDY & FEDER LLP**
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
Tel.: 914.761.1300
Fax: 914.761.5372
**Attorney for Plaintiff**
**New Cingular Wireless PCS, LLC**

Gregory D. Meese, Esq. (GDM 8738)
**PRICE, MEESE, SHULMAN &**
**D'ARMINIO, P.C.**
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Tel: 201.391.3737
**Attorney for Plaintiff**
**Sprint Spectrum L.P.**

Michael A. Rowe, Esq. (MR 8643)
Karl J. Nelson, Esq. (Pro Hac Vice)
**SAUL EWING, LLP**
750 College Road East
Suite 100
Princeton, New Jersey 08540-6617
Tel.: 609.452.3123
Fax: 609.452.3125
**Attorneys for Plaintiff**
**Omnipoint Communications, Inc.**

Dated: This 18th day of April, 2008.

5